# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO.<br>1:11-CR-0259-WBH |
| ARAVIUS HILL and ANTHONY<br>MICHAEL SANTOS<br>    Defendants. | : <br> : <br> : | |

## **ORDER**

This matter is before the Court for consideration of the Report and Recommendation ("R&R"), [Doc. 91], in which the Magistrate Judge recommends that Defendant Hill's, [Doc. 40], and Defendant Santos', [Doc. 48], motions to suppress evidence discovered after a search of Hill's vehicle be denied but that Hill's, [Doc. 72] and Santos', [Doc. 77], motions to suppress statements be granted.

Only Defendant Hill filed an objection to the R&R. [Doc. 93]. Where an objection has been filed, this Court performs a *de novo* review of those portions of the R&R subject to objection and reviews the remainder of the R&R for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). This Court will, however, treat Hill's objections as having also been voiced by Santos.

AO 72A
(Rev.8/8
2)

## Factual Background

After conducting a hearing on the Defendants' motions to suppress, the Magistrate Judge made findings of fact which he set forth in his R&R. As no party has objected to those findings, they are adopted by this Court.

Briefly reviewing those facts, an Atlanta police officer on routine patrol received a call directing him to meet an investigator at a gas station. The investigator instructed the officer to watch a certain pickup truck for possible traffic violations. The officer observed that the vehicle had improper window tint and saw the driver fail to use his turn signal when turning into a parking lot. The officer activated his blue lights and parked in front of the truck so that it could not pull out of its parking space.

As the officer approached the truck, he smelled a faint odor of marijuana. Defendant Hill was the driver of the truck, and Defendant Santos was the passenger. The officer took Hill's driver's license, insurance card, and car keys and returned to his patrol car. Other officers arrived. The original officer told the arriving officers that he had detected the odor of marijuana coming from the truck. Other officers also detected the odor of marijuana.

Two officers told Hill that he was being detained because the inside of his vehicle smelled like marijuana. Hill denied that there were any narcotics or weapons in the truck, and when the police asked whether they could search the truck, Hill

2

responded that "he did not mind." Hill never withdrew or limited his consent to search.

Hill and Santos were then handcuffed and placed in the back seat of separate patrol vehicles. An officer called for a K-9 unit to conduct a search of the truck. Before the K-9 officer arrived, in an initial search of the pickup truck, an officer discovered an empty duffel bag on the back seat which had a very strong odor of marijuana. The bag contained green leafy flakes which appeared to be remnants of marijuana. In response to questioning by the police, Defendant Santos admitted that it was his bag and said there may have been marijuana in it previously. At the time that Santos made the statements about the duffel bag, he had not received any Miranda warnings.

The K-9 officer arrived with his dog and introduced himself to Hill. The K-9 officer then explained to Hill that he was going to walk his dog around the exterior of the vehicle and that it was trained to detect narcotics. In searching the pickup truck, the dog alerted at the driver's side door. The officer let the dog in the truck, and it alerted at the base of the center console unit on the passenger side by scratching with its front paws.

A search of the console area where the dog alerted revealed a thick heat-sealed vacuum bag of marijuana, two other bags of marijuana that did not appear to be

AO 72A
(Rev.8/82)

vacuum sealed, a .40 caliber handgun, an extra magazine, and a glass jar containing more marijuana.

## **The Magistrate Judge's Conclusions and Hill's Objections**

Based on these facts, the Magistrate Judge recommended that Defendants' motions to suppress evidence be denied based on the following conclusions: (1) that the officer's initial stop of Defendant Hill's truck was lawful based on the officer's reasonable suspicion that the driver of the vehicle had committed two traffic violations, [Doc. 91 at 17], (2) that the Defendant's detention was of a reasonable duration under Terry v. Ohio, 392 U.S. 1 (1968), for the purpose of investigating the officers' reasonable suspicion that marijuana was present in the vehicle and the detention was not so long as to be transformed into a de facto arrest, [id. at 16-17], (3) that as a passenger in the truck with no ownership or possessory interest, Defendant Santos had no reasonable expectation of privacy in the truck and no basis under which to seek suppression of evidence discovered during the K-9 search, [id. at 20], (4) that Defendant Hill was fully capable of giving a free, voluntary, and informed consent to search and that he did so when he gave his consent to the officers to search the interior of the pickup truck, [id. at 23-24], (5) that his consent was not limited to a search by only humans, [id. at 27], and (6) that even without consent to the K-9 search of the truck, the search was supported by probable cause because the dog alerted on the

AO 72A
(Rev.8/82)

outside of the truck, [id. at 30-32]. Conversely, the Magistrate Judge recommended that Defendants' statements be suppressed because Defendants Hill and Santos were in custody when the police asked them questions, and the police should have informed Hill and Santos of their <u>Miranda</u> rights.

Defendant Hill objects to the Magistrate Judge's conclusion that he consented to a K-9 search of the vehicle. He argues that police who are conducting a vehicle search pursuant to the owner's consent must conduct the search within the scope of that consent, and that the scope of the consent is what the officer understood or should have understood that scope to be. In other words, if Defendant Hill had expressly limited the search to humans only, the scope of the consent would not have included a K-9 search within the vehicle. Defendant Hill further points out that the officer who obtained permission for the search testified that he had no reason to believe that the scope of Defendant Hill's consent included a K-9 search.

## **Discussion**

The problem with Defendant Hill's argument is that he entirely ignores the fact that the K-9 officer approached Defendant Hill prior to the K-9 search and explained to him how the search would be conducted. Accordingly, even if the scope of the original consent to search reasonably did not include a K-9 search (which this Court does not concede) Defendant Hill's acquiescence to the K-9 officer's description of his

5

AO 72A
(Rev.8/82)

planned search necessarily expanded the scope of the consent. When the K-9 officer introduced himself to Defendant Hill and explained how he would conduct the search with his dog, Defendant Hill had ample opportunity to withdraw his consent or to indicate that his consent did not include a K-9 search. "When an individual gives a general statement of consent [to a search] without express limitations," the bounds of the search are "constrained by the bounds of reasonableness" based on "what the parties knew at the time to be the object of the search." United States v. Martinez, 949 F.2d 1117, 1119 (11th Cir. 1992) (quotation omitted). After the K-9 officer met with Defendant Hill, any reasonable person would have concluded that the police officers believed that he had consented to a search by a police dog, and at that point, it was up to Defendant Hill to correct any misconception that the police may have had regarding the scope of his consent. That he remained silent demonstrates that either Defendant Hill's initial consent included a K-9 search or that he expanded his consent to include a K-9 search of the vehicle. See United States v. Martel-Martines, 988 F.2d 855, 858 (8th Cir. 1993) (discussing how a criminal defendant's silence while watching a consensual search of a vehicle indicated his general consent to the manner of the search).

Having concluded that Defendant Hill consented to the K-9 search of his vehicle, this Court will only briefly address his arguments regarding the fact that the

AO 72A
(Rev.8/82)

police did not have probable cause to allow the police dog to enter the truck because they had left the empty duffel bag that smelled of marijuana in the truck, thus purportedly destroying the reliability of the dog's "open-air sniff" around the outside of the truck. Put simply, this Court agrees with the Magistrate Judge's conclusion that there is no authority for the proposition that the police were required to remove the duffel bag.[1] The fact is that the Defendant was driving around with, as he put it in his objection, a bag that "reeked" of marijuana, and this Court is not at all troubled by a rule automatically giving police probable cause to fully search any car that contains a marijuana-reeking bag.

For these reasons, Defendant Hill's objections are **OVERRULED**.

Regarding the Magistrate Judge's remaining recommendations – that Defendant Santos' motion to suppress evidence be denied but that both Defendants' motions to suppress statements be granted – in the absence of objections, this Court finds no error. Accordingly, for the foregoing reasons,

---

[1] This Court recognizes that there was testimony that one of the police officers removed the bag from the truck so as not to elicit a false positive alert from the dog. According to the Magistrate Judge's findings, however, the bag somehow made its way back into the truck. When the dog alerted on the outside of the truck and the K-9 officer allowed the dog to enter, the dog apparently showed initial interest in the bag, possibly indicating that the dog alerted based on the smell from the bag. Whether the police removed the bag before returning it or left it in the truck the entire time is immaterial to the analysis that appears in the text.

7

AO 72A
(Rev.8/82)

**IT IS HEREBY ORDERED** that the R&R is hereby **ADOPTED** as the order of this Court. Defendants' motions to suppress evidence, [Docs. 40 and 48] are **DENIED** and Defendants' motions to suppress statements, [Docs. 72 and 77] are **GRANTED**.

**IT IS SO ORDERED**, this \_\_7\_\_ day of \_\_June\_\_, 2012.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)